UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ISRAEL WEISS,                                              :
                                                          :
                              Plaintiff,                  :          ORDER TO AMEND
                                                          :
        -against-                                         :          13 Civ. 1257 (LAP)
                                                          :
ENHANCED RECOVERY COMPANY, LLC,                           :
                                                          :
                              Defendant.                  :
-------------------------------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

        Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this complaint alleging that

Defendant willfully violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

For the following reasons, Plaintiff is directed to file an amended complaint.

## STANDARD OF REVIEW

        The Court has the authority to *sua sponte* dismiss an *in forma pauperis* complaint at any

time pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss an *in forma pauperis*

complaint, or portion thereof, that is frivolous or malicious, that fails to state a claim on which relief

may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28

U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir.

1988).  While the law mandates dismissal on any of these grounds, district courts "remain obligated

to construe *pro se* complaints liberally."  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  Thus, a

*pro se* complaint should be read with "special solicitude" and should be interpreted to raise the

"strongest [claims] that they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75

(2d Cir. 2006) (citations omitted).  Nonetheless, a *pro se* complaint must provide a defendant with

fair notice of what the claims are and each of the grounds upon which they rest, *see Valenzuela v.*

*Riverbay Corp.*, 06 Civ. 903, 2007 WL 414487, at *2 (S.D.N.Y. Jan. 31, 2007), and *pro se* filings

must plausibly assert that the plaintiff is entitled to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 669

(2009).

## BACKGROUND

In 2012, Plaintiff discovered that Defendant, an "unfamiliar" entity, obtained his Experian credit report on February 15, 2011, February 17, 2011, and June 3, 2011.  (Compl. ¶¶ 9-10.) Plaintiff mailed a letter to Defendant on September 11, 2012, requesting "a general or specific certification as to what permissible purpose" it had to obtain Plaintiff's credit reports; Defendant "failed to respond with any evidence that they may have had when they obtained the Plaintiff's consumer credit report" and Defendant has never "indicated what possible justification they may have had for obtaining Plaintiff's credit report.  (*Id.* ¶¶ 12-13, 26.)  According to Plaintiff, he did not give Defendant "consent" to obtain his credit report and he does not "have any kind of relationship with" Defendant.  (*Id.* ¶ 11.)  Plaintiff asserts that Defendant obtained his credit report for an impermissible purpose because he:

> never had any signed contracts, business dealings, or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant that may have given them a permissible purpose to obtain the Plaintiff's consumer credit report as defined by the FCRA.

(*Id.* ¶ 22).  Plaintiff asserts that Defendant's FCRA violations were "willful" under § 1681n. Finally, Plaintiff asserts that Defendant violated his privacy and that he suffered damages due to "loss of credit, loss of the ability to purchase and benefit from credit, credit denials and lowering of credit lines."  (*Id.* ¶¶ 29-30.)

## DISCUSSION

The FCRA was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit ... in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681b; *Redhead v. Winston & Winston, P.C.*, 01 Civ. 11475, 2002 WL 31106934, at *3 (S.D.N.Y. Sept. 20, 2002).  Under certain circumstances, the FCRA creates a private cause of action against consumer reporting agencies, users of consumer reports and furnishers of information to consumer reporting agencies, for willful noncompliance and

2

negligent noncompliance.  *Casella v. Equifax Credit Info. Svcs.*, 56 F.3d 469, 473 (2d Cir. 1995).

To state a claim under § 1681b, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, *see* 15 U.S.C. § 1681b(f); *see also Stonehart v. Rosenthal*, 01 Civ. 651, 2001 WL 910771, at *3 (S.D.N.Y. Aug.13, 2001), and that the violation was willful or negligent, *see* 15 U.S.C. §§ 1681n, 1681o; *see also Holmes v. Experian Information Solutions, Inc.*, 11-4705-cv, 2013 WL 48692, at *2 (2d Cir. Jan. 4, 2013).  Under 1681n, willfulness means knowledge or recklessness.  *See, e.g., Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 56–60 (2007); *see generally* 15 U.S.C. § 1681n.  Courts in this District have held that allegations similar to Plaintiff's adequately pleaded "impermissible purpose," but failed to adequately plead willfulness and/or negligence.  *See e.g. Farkas v. RJM Acquisitions Funding, Inc.*, 12 Civ. 735, 2012 WL 1948643, at *2 (S.D.N.Y. May 29, 2012) (similar allegations failed to sufficiently allege facts satisfying the state of mind element) (citing *Perl v. American Express*, 11 Civ. 7374, 2012 WL 178333 (S.D.N.Y. Jan. 19, 2012)).

As in *Farkas* and *Perl*, Plaintiff fails to allege facts suggesting Defendant's state of mind when it accessed Plaintiff's credit reports.  Accordingly, Plaintiff's assertion that Defendant willfully violated the FCRA is conclusory.  *See generally Iqbal*, 556 U.S. at 669 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks omitted)).  Although allegations of multiple incidents may "go some of the way toward suggesting knowledge" by "demonstrating a pattern of conduct," Plaintiff does not provide "enough factual content" to support a reasonable inference that the alleged violation was willful.  *Perl*, 2012 WL 178333, at *2-3.  For example, Plaintiff does not allege that Defendant obtained his credit report *after* Plaintiff inquired about the incidents.  Based on the allegations in the complaint, Defendant's conduct could just as likely have been unintentional, and so Plaintiff has failed to state a § 1681n claim.

Plaintiff does not assert a negligent violation claim, and the complaint is bereft of facts suggesting negligence.  *See Casela*, 56 F.3d at 473; *King v. MTA Bridges and Tunnels*, 933 F. Supp. 220, 224–25 (E.D.N.Y. 1996) (rejecting a *pro se* plaintiff's § 1681o claim because complaint put

3

forth no facts to support an inference of negligence).  In addition, Plaintiff has failed to adequately allege actual damage, another necessary element of a negligence claim.  *See Engel v. Scully & Scully, Inc.*, 10 Civ. 3167, 2011 WL 4091468, at *5–6 (S.D.N.Y. Sept. 14, 2011) (holding that while plaintiff had stated a willfulness claim under Section 1681n, he did not state a negligence claim under Section 1681o because he failed to allege actual damage).  A defendant who negligently violates the FCRA is liable for actual damages sustained by the plaintiff.  15 U.S.C. § 16B1o(a)(1).  Courts have recognized such damage to be an essential element of a § 1681o claim.  *See Engel*, 2011 WL 4091468, at *6 (dismissing Section 1681o claim, where no actual damage was alleged and only statutory damages were demanded); *Agu v. Rhea*, 09 Civ 4732, 2010 WL 5186839, at *6–7 (E.D.N.Y. Dec. 15, 2010).  Plaintiff's allegations that he lost credit, the "ability to purchase and benefit from credit," and experienced credit denials and the lowering of credit lines are vague and conclusory and do not indicate actual injury.  *See Gorman v. Experian Info, Solutions Inc.*, 07 Civ. 1846, 2008 WL 4934047, at *7 (S.D.N.Y. Nov. 18, 2008); *Engel*, 2011 WL 4091468, at *6.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and to mail a copy of this order to Plaintiff.  Plaintiff is directed to file an amended complaint containing the information specified above.  The amended complaint must be submitted to this Court's *Pro Se* Office within sixty days of the date of this order, be captioned as an "**AMENDED COMPLAINT**," and bear the same docket number as this order.  An amended complaint form is attached to this order, which Plaintiff should complete as specified above.  No summons will issue at this time.  Once submitted, the amended complaint will be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office.  If the case is reassigned, a copy of this order will be served with the summons and amended complaint.  If Plaintiff fails to comply within the time allowed, and cannot show good cause to excuse such failure, the complaint will be dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

*Loretta A. Preska*
LORETTA A. PRESKA
Chief United States District Judge

Dated: March 18, 2013
      New York, New York

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
S<small>OUTHERN</small> D<small>ISTRICT OF</small> N<small>EW</small> Y<small>ORK</small>

_____

_____

_____                _____ **Civ.** _____ ( _____ )

*(In the space above enter the full name(s) of the plaintiff(s).)*

                                                            **AMENDED**
                                                            **COMPLAINT**
           -against-

_____                Jury Trial:   □ **Yes**      □ **No**

_____                            (check one)

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*


I.       **Parties in this complaint:**

A.       List your name, address and telephone number.  If you are presently in custody, include your
         identification number and the name and address of your current place of confinement.  Do the same
         for any additional plaintiffs named.  Attach additional sheets of paper as necessary.


Plaintiff        Name _____

                 Street Address _____

                 County, City _____

                 State & Zip Code _____

                 Telephone Number _____


B.       List all defendants.  You should state the full name of the defendant, even if that defendant is a
         government agency, an organization, a corporation, or an individual.  Include the address where
         each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
         contained in the above caption.  Attach additional sheets of paper as necessary.


*Rev. 12/2009*                                    1

Defendant  No. 1          Name _____

                          Street Address _____

                          County, City _____

                          State & Zip Code _____

                          Telephone Number _____


Defendant  No. 2          Name _____

                          Street Address _____

                          County, City _____

                          State & Zip Code _____

                          Telephone Number _____


Defendant  No. 3          Name _____

                          Street Address _____

                          County, City _____

                          State & Zip Code _____

                          Telephone Number _____


Defendant  No. 4          Name _____

                          Street Address _____

                          County, City _____

                          State & Zip Code _____

                          Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.     What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions                 ☐ Diversity of Citizenship

B.     If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.     If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

### III.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.    Facts: _____

_____

| What happened to you? |

| Who did what? |

| Was anyone else involved? |

| Who else saw what happened? |

_____

### IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address             _____

                            _____

                            _____

Telephone Number            _____

Fax Number *(if you have one)*   _____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:     _____

Inmate Number               _____

*Rev. 12/2009*                                4