

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

**ISRAEL WEISS;**
   *Plaintiff,*

-v-                                                     Case No.   **1:13-cv-01257-LAP**

**ENHANCED RECOVERY COMPANY, LLC;**
   *Defendant,*                                        TRIAL BY JURY DEMANDED

-----------------------------------------------------------x

### FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FCRA

### INTRODUCTION

COMES NOW, Plaintiff, Israel Weiss, (hereinafter Plaintiff) hereby files this Amended Complaint, Plaintiff individually sues Defendant, ENHANCED RECOVERY COMPANY, LLC (hereinafter Defendant) for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq.* and alleges as follows;

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1681p; N.Y. GBS. LAW § 380-b; and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367, and 1331.

2. This court has jurisdiction as the Plaintiff lives in Orange County New York, and the acts complained of herein occurred in Orange County New York, and Defendant transacts business here.

3. This court has jurisdiction because the Defendant violated N.Y. GBS. LAW § 380-b as the Defendant's acts in this County gave rise to the causes of action asserted herein.

4. This court has jurisdiction according to N.Y. GBS. LAW § 380-b because Defendant engages in

1

business in this State, to wit, furnishing consumer information to consumer reporting agencies and its business in this State of New York gives rise to the causes of action asserted herein.

5. This court has jurisdiction pursuant to N.Y. GBS. LAW § 380-b because the Defendant caused injury to Plaintiff, within the State of New York, to wit, while it was engaged in service activities to wit, in furnishing consumer information to reporting agencies within the State of New York.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391b, in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

## PARTIES

7. The Plaintiff, Israel Weiss, a natural individual who lives in the State of New York, in the County of Orange, is a consumer as defined by FCRA 15 U.S.C. § 1681a(c).

8. The Defendant, ENHANCED RECOVERY COMPANY, LLC, is a debt collection firm with its principle place of business at 8014 Bayberry Rd., Jacksonville, FL 32256 and is a furnisher of consumer information to consumer reporting agencies.

## FACTUAL ALLEGATIONS

9. Plaintiff obtained his consumer credit reports from the three credit reporting agencies and found entries by entities that were unfamiliar to him within the reports.

10. Plaintiff found after examination of his Experian consumer credit report that the Defendant had obtained the Plaintiff's Experian consumer credit report without a permissible purpose on February 15, 2011, February 17, 2011, June 3, 2011.

11. At no time did the Plaintiff grant to Defendant consent to obtain his credit report from any credit reporting agency, nor does the Plaintiff have any kind of relationship with the Defendant as defined under FCRA § 1681b(3)(A)-(E).

12. On September 11, 2012, Plaintiff mailed a letter to the Defendant via Certified mail # 7011 2000 0000 9436 7354, and requested a general or specific certification as to what permissible purpose they may have had when they obtained the Plaintiff's credit reports.

13. Upon Plaintiff's request for certification, the Defendant failed to respond with any evidence that they may have had when they obtained the Plaintiff's consumer credit report.

14. Based on information and belief, Defendant did not have a lawful purpose for requesting, and obtaining and using Plaintiff's consumer credit report from Experian on February 15, 2011, February 17, 2011, June 3, 2011.

15. Therefore, Defendant's request, acquisition and use of Plaintiff's Experian consumer credit report was a violation of the Fair Credit Reporting Act, 15 U.S.C 15 § 1681b(f).

16. The Defendant's failure to comply with the Fair Credit Reporting Act when it requested, obtained and used Plaintiff's Experian consumer credit report on February 15, 2011, February 17, 2011, June 3, 2011, was **willful,** as contemplated under 15 U.S.C. § 1681n under the Fair Credit Reporting Act.

17. In the alternative, the Defendant's failure to comply with the Fair Credit Reporting Act when it requested, obtained and used Plaintiff's consumer credit report on February 15, 2011, February 17, 2011, June 3, 2011, was **negligent,** as contemplated under 15 U.S.C. § 1681o under the Fair Credit Reporting Act.

18. Discovery of the violations brought forth herein are within the statute of limitations as defined by FCRA, 15 U.S.C. § 1681p(1).

19. On January 22, 2013 Plaintiff mailed a Notice of Pending Lawsuit to Defendant via US Mail, this was an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's consumer credit report on, before taking civil action against the Defendant, and to

spare judicial resources.

20. Plaintiff has not received any response to correspondence sent to Defendant on January 22, 2013.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C. § 1681 FOR WILLFUL NON-COMPLIANCE BY DEFENDANT ENHANCED RECOVERY COMPANY, LLC

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

23. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

24. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §1681a(d).

25. Defendant is a furnisher of information within the meaning of FCRA, 15 U.S.C. 1681s-2.

26. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

27. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

28. The Plaintiff never had any signed contracts, business dealings, or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant that may have given them a permissible purpose to obtain the Plaintiff's consumer credit report as defined by the FCRA.

29. The Defendant's action in obtaining the Plaintiff's Experian consumer credit report on February 15, 2011, with no permissible purpose was a **willful** violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

4

30. The Defendant was required pursuant to FCRA § 1681q, 1681n, to refrain from obtaining consumers reports from credit reporting agencies under false pretenses.

31. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

32. At no time has Defendant ever indicated what possible justification they may have had for obtaining Plaintiff's credit report.

33. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

34. On its own authority, and without the permission and consent of the Plaintiff to do so, Defendant obtained the Plaintiff's consumer credit report.

35. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, credit denials and lowering of credit lines.

36. Without a permissible purpose or Plaintiff's consent the Defendant's conduct by obtaining the Plaintiff's consumer credit report constituted a willful violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy rendering them liable for statutory damages pursuant to 15 U.S.C. § 1681n(a).

<u>**COUNT II**</u>
<u>**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)**</u>
<u>**15 U.S.C. § 1681 FOR WILLFUL NON-COMPLIANCE**</u>
<u>**BY DEFENDANT ENHANCED RECOVERY COMPANY, LLC**</u>

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The Defendant's action in obtaining the Plaintiff's Experian consumer credit report on February

17, 2011, with no permissible purpose was a **willful** violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

39. The Defendant was required pursuant to FCRA § 1681q, 1681n, to refrain from obtaining consumers reports from credit reporting agencies under false pretenses.

40. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

41. At no time has Defendant ever indicated what possible justification they may have had for obtaining Plaintiff's credit report.

42. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

43. On its own authority, and without the permission and consent of the Plaintiff to do so, Defendant obtained the Plaintiff's consumer credit report.

44. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, credit denials and lowering of credit lines.

45. Without a permissible purpose or Plaintiff's consent the Defendant's conduct by obtaining the Plaintiff's consumer credit report constituted a willful violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy rendering them liable for statutory damages pursuant to 15 U.S.C. § 1681n(a).

### COUNT III
### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C. § 1681 FOR WILLFUL NON-COMPLIANCE BY DEFENDANT ENHANCED RECOVERY COMPANY, LLC

46. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

fully stated herein.

47. The Defendant's action in obtaining the Plaintiff's Experian consumer credit report on June 3, 2011, with no permissible purpose was a **willful** violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

48. The Defendant was required pursuant to FCRA § 1681q, 1681n, to refrain from obtaining consumers reports from credit reporting agencies under false pretenses.

49. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

50. At no time has Defendant ever indicated what possible justification they may have had for obtaining Plaintiff's credit report.

51. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

52. On its own authority, and without the permission and consent of the Plaintiff to do so, Defendant obtained the Plaintiff's consumer credit report.

53. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, credit denials and lowering of credit lines.

54. Without a permissible purpose or Plaintiff's consent the Defendant's conduct by obtaining the Plaintiff's consumer credit report constituted a willful violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy rendering them liable for statutory damages pursuant to 15 U.S.C. § 1681n(a).

### COUNT IV
### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
### 15 U.S.C. § 1681 FOR NEGLIGENT NON-COMPLIANCE
### BY DEFENDANT ENHANCED RECOVERY COMPANY, LLC

55. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The Defendant's action in obtaining the Plaintiff's Experian consumer credit report on February 15, 2011, with no permissible purpose was a **negligent** violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

### COUNT V
### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
### 15 U.S.C. § 1681 FOR NEGLIGENT NON-COMPLIANCE
### BY DEFENDANT ENHANCED RECOVERY COMPANY, LLC

57. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The Defendant's action in obtaining the Plaintiff's Experian consumer credit report on February 17, 2011, with no permissible purpose was a **negligent** violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

### COUNT VI
### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
### 15 U.S.C. § 1681 FOR NEGLIGENT NON-COMPLIANCE
### BY DEFENDANT ENHANCED RECOVERY COMPANY, LLC

59. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The Defendant's action in obtaining the Plaintiff's Experian consumer credit report on June 3, 2011, with no permissible purpose was a **negligent** violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

## **PRAYER FOR RELIEF**

"**WHEREFORE,** Plaintiff respectfully prays that judgment be awarded in his favor against Defendant as follows:"

1. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(b), 15 U.S.C. § 1681o.;
2. Any Attorney's fees, Other fees and costs pursuant to 15 U.S.C. § 1681n(a)(3);
3. That Plaintiff recover such other an further relief as is just and proper.
4. If there are deficiencies, the court should allow the pro se Plaintiff, under Haines v Kerner to Amend his complaint to properly address any deficiencies and to add additional counts if the Defendant continues to violate sections of the Fair Credit Reporting Act after the date of the filing of this complaint.

Dated: April 4, 2013
Respectfully Submitted,

By: _____
Israel Weiss
14 Ruzhin Rd. # 202
Monroe, NY 10950
vh10930@gmail.com

9

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEW YORK    )
                     ) ss
COUNTY OF ORANGE     )

Plaintiff, Israel Weiss, hereby declares that the foregoing is true and correct:

1. I am the Plaintiff in this civil proceeding.

2. I have read the foregoing Verified Amended Complaint and I believe that all of the facts contained
   therein are true to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded, cognizable in facts and warranted by existing law or by good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause them unnecessary delay, or to create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, Israel Weiss, hereby declare that the foregoing is true and correct.

Dated: April 4, 2013

By: _____
Israel Weiss
14 Ruzhin Rd. # 202
Monroe, NY 10950
vh10930@gmail.com

10

## CERTIFICATION & AFFIRMATION OF SERVICE

I, Israel Weiss, hereby certify and declare that a true and correct copy of the above and foregoing Plaintiff's Amended Complaint was mailed on the 4th day of April, in the year of 2013, thru the U.S. Mail to the parties listed below.

**Via Certified Mail Return Receipt #** 7011 0110 0000 9178 5764

ENHANCED RECOVERY COMPANY, LLC
8014 Bayberry Rd.
Jacksonville, FL 32256

Dated: April 4, 2013
Respectfully Submitted,

By: _____
Israel Weiss